IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EUROCHEM TRADING USA CORPORATION,

    Plaintiff,

 v.

W. KENT GANSKE, individually and
d/b/a and sole proprietor of AG CONSULTANTS,
and JULIE L. GANSKE,

    Defendants.

ORDER

W. KENT GANSKE, individually and d/b/a AG
CONSULTANTS, and JULIE GANSKE,

18-cv-16-slc

 Counter-Plaintiffs and Third-Party Plaintiffs,
and

WS AG CENTER, INC.,

    Third-Party Plaintiffs,
 v.

EUROCHEM TRADING USA CORPORATION,

    Plaintiff and Counter-Defendant,
and

EUROCHEM GROUP AG, SCOTT SIMON, IVAN
BOASHERLIEV, BENTREI FERTILIZER, LLC
and BEN-TREI, LTD.,

    Third-Party Defendants.

---

  This case presents disputes arising from plaintiff EuroChem Trading USA Corporation's (ECTUS's) sale of agricultural chemicals to one or more agri-businesses owned or controlled by defendant W. Kent Ganske. On March 15, 2018, W. Kent and Julie Ganske, AG Consultants, and WS AG Center, Inc. ("WSAG") – to whom I will refer collectively as "Ganske" – filed a third-party complaint against Scott Simon, the chief financial officer of ECTUS and the other corporate third-party defendants, accusing Simon of tortious interference with contract, misrepresentation and deceptive practices, trade secrets, and defamation. Dkt. 15. Instead of

answering the complaint, Simon filed a motion to dismiss for lack of personal jurisdiction. Dkt. 43. On March 7, 2019, this court issued an order denying the motion, dkt. 78, meaning that Simon had until March 21, 2019 in which to file an answer. *See* Fed. R. Civ. P. 12(a)(4)(A). However, because Simon's counsel failed to calendar the deadline, March 21 came and went without an answer being filed. Simon first realized he missed the deadline on April 19, 2019, when he received a motion by Ganske for entry of default. Dkt. 84. Upon receiving that motion, Simon promptly contacted Ganske and asked if he would withdraw it and permit the filing of a late answer, to which Ganske replied "no."

Simon now asks this court for relief under Fed. R. Civ. P. 6(b)(1)(B), which permits the court to extend the time for the doing of an act "if the party failed to act because of excusable neglect." Dkt. 89. The term "excusable neglect" is a flexible concept that encompasses late filings caused by inadvertence, mistake or carelessness. *Pioneer Investment Services Co. v. Brunswick Associates, Ltd.*, 507 U.S. 380, 389 (1993). In deciding whether a particular neglect is "excusable," the court must consider all the relevant circumstances surrounding the omission, including the length and reason for the delay, its potential impact on judicial proceedings, whether the movant acted in good faith and the danger of prejudice to other parties. *Id*. at 395.

Courts in this circuit have found that miscalendaring a deadline can, but does not necessarily, constitute excusable neglect. *See, e.g., Saul v. Prince Mfg. Corp.*, No. 1:12–CV–270, 2013 WL 228716, at *2 (N.D. Ind. Jan. 22, 2013) (finding excusable neglect for missing deadline due to attorneys' failure to place it on the calendar); *Ruiz v. Carmeuse Lime, Inc.*, No. 2:10–CV–21–PRC, 2011 WL 3290376, at *1 (N.D. Ind. July 14, 2011) (finding excusable neglect for missing a response deadline due to an inadvertent calendaring error); *Boctking v.*

2

*United States*, No. 3:10–cv–10–RLY–WGH, 2010 WL 2265310, at *2 (S.D. Ind. June 2, 2010) (setting aside a default because good cause was shown when a calendaring error led defendant to believe it had one more month to file an answer). Under the circumstances present here, I find that Simon's error is excusable. As he points out, no one has been making the third-party complaint a priority: Ganske has not taken discovery and has not filed any motions with respect to that complaint since filing it more than a year ago, and this court did not decide Simon's motion to dismiss for ten months. Although the court's ruling on the dismissal motion should have prompted Simon's counsel to calendar the answer deadline, the oversight is understandable in light of the case's back-burner status for so many months. Moreover, when Simon did learn of the error, he sprang to action immediately, filing his answer the same day (April 19) and attempting to contact Ganske for a reprieve. When learning on April 23 that Ganske would not agree to the late answer, Simon filed his motion for an extension that same day.

More importantly, Ganske will suffer no prejudice as a result of the untimely filing. Ganske has not put forth any arguments to the contrary or disputed Simon's assertion that, other than opposing Simon's motion to dismiss, Ganske has taken no actions to prosecute the third-party complaint, even though three of the defendants answered the complaint back in May 2018. In fact, Ganske has not even served one of the third party defendants. Given Ganske's inattention to the matter thus far, Simon's one-month delay in filing his answer harms no one. The only prejudice of which this court can conceive is that the dispositive motion deadline expired on April 26, 2019, but Ganske has given no indication that he planned to file such a motion against Simon.

ORDER

IT IS ORDERED THAT:

1. The motion of third-party plaintiffs for entry of default against third-party defendant Scott Simon, dkt. 84, is DENIED; and

2. The motion of Scott Simon for extension of time to file his answer, dkt. 89, is GRANTED.

Entered this 9th day of May, 2019.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge