IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EUROCHEM TRADING USA CORPORATION,

        Plaintiff,

v.

W. KENT GANSKE, individually and
d/b/a and sole proprietor of AG CONSULTANTS,
and JULIE L. GANSKE,

        Defendants.

W. KENT GANSKE, individually and d/b/a AG
CONSULTANTS, and JULIE GANSKE,

    Counter-Plaintiffs and Third-Party Plaintiffs,

and

WS AG CENTER, INC.,

        Third-Party Plaintiffs,

v.

EUROCHEM TRADING USA CORPORATION,

        Plaintiff and Counter-Defendant,

and

EUROCHEM GROUP AG, SCOTT SIMON, IVAN
BOASHERLIEV, BENTREI FERTILIZER, LLC
and BEN-TREI, LTD.,

        Third-Party Defendants.

ORDER

18-cv-16-slc

_____

On August 16, 2019, this court held a telephonic hearing on the Ganske parties' motion to compel discovery (dkt. 117). Among the items in dispute were "the Avant report" and a recently-disclosed batch of email communications to and from ECTUS's representatives, including their lawyers, in which Ganske or his companies were discussed. Asserting that some of these communications, in whole or in part, were protected from disclosure under the attorney-client and/or work product privileges, the ECTUS parties agreed to submit both redacted and unredacted versions to the court, *ex parte*, for *in camera* review of their assertions of privilege.

The ECTUS parties submitted these documents on August 19 and 20, 2019. With respect to some of the emails, ECTUS asserted an additional privilege based on "confidential and sensitive commercial information." The court has reviewed the documents against these assertions of privilege and finds that for the most part, the redactions are appropriate. As for the few documents that seem to fall outside the scope of any privilege, the court will identify them below, and give ECTUS until August 30, 2019 in which to either provide the Ganske parties with an unredacted copy or to file a brief reply to this order expanding on the reasons for its assertion of privilege.

**DISCUSSION**

The attorney-client privilege protects from discovery confidential communications between client and attorney that were made in order to obtain legal assistance. *Fisher v. United States*, 425 U.S. 391, 403 (1976); *United States v. Bey*, 772 F.3d 1099, 1101 (7th Cir. 2014). The Seventh Circuit has adopted the general principles governing the attorney client privilege as outlined by Wigmore:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*United States v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983) (citing 8 Wigmore § 2292). Whether the privilege exists is a fact-intensive inquiry, *In re Grand Jury Proceedings*, 220 F.3d 568, 571 (7th Cir. 2000), with the burden of proof on the party claiming privilege. *Shaffer v. AMA*, 662 F.3d 439, 446 (7th Cir. 2011).

The work product privilege is set forth in Federal Rule of Civil Procedure 26(b)(3):

(3) Trial Preparation: Materials.

(A) Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

(i) they are otherwise discoverable under Rule 26(b)(1); and

(ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

(B) Protection Against Disclosure. If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

## I. The Preliminary and Final Report by the Avant Advisory Group

Although the entirety of both versions of the Avant report appear to have been prepared in anticipation of litigation, the ECTUS parties agreed to produce the documents to the Ganske parties, with certain parts redacted. The court agrees that the redacted portions reveal the "mental impressions, conclusions, opinions or legal theories" of ECTUS's lawyers or representatives and need not be disclosed.

## II. The Emails

For the most part, ECTUS's proposed redactions of the emails are appropriate. However, the following documents do not appear to have been prepared in anticipation of litigation, or to involve confidential communications between the ECTUS parties and their lawyers for the purpose of seeking legal advice; nor do they seem to contain sensitive business information:

| Bates No. | Sender | Recipient | Date | Subject |
| --- | --- | --- | --- | --- |
| 663 | Wirth | Chlup | 1/18/18 | Ganske Guaranty Complaint.DOCX |
| 756 (copy at 762) | Otero | Sidnev, Bendana, Chlup | 1/2/18 | Conference Call 12/27/17 EuroChem Trading USA Corp. vs. WS AG Center, Inc. - REF # 1425024993 |
| 757 (copy at 763) | Sidnev | Otero, Bendana, Chlup, Popov | 12/26/17 6:48 p.m. | Conference Call 12/27/17 EuroChem Trading USA Corp. vs. WS AG Center, Inc. - REF # 1425024993 |
| 791-792 | Hechler | Simon, Smith | 11/30/17 | FW: Ganske |
| 809 (copies at 810 and 854) | Hechler | Ilyin, Pilipenko | 12/8/2017 | Memo_WS AG-Bad Debt_2017.11.28-Approval of write-off in statutory books |
| 1106-1111 (email string) | Simon, Davidson, Aubort | Simon, Davidson, Aubort | 3/14/17-3/15/17 | Avant Engagement Letter-EuroChem v. Kent Ganske/WS Ag<br><br>EuroChem v. Kent Ganske/WS Ag |
| 1267 (copy at 1269) | Bendana | Bakken | 11/30/17 | Re: Ganske |

ORDER

Not later than August 30, 2019, the ECTUS parties shall provide unredacted copies of the above documents to the Ganske parties.  In the alternative, ECTUS may submit a brief response in opposition to this order, objecting in full or in part.  Any objection to this order shall be supported by specific arguments and facts to support application of the attorney-client or work product privileges, or showing that the contents of a particular email constitutes sensitive, confidential business information.

Entered this 27th day of August, 2019.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge