## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

EUROCHEM TRADING USA
CORPORATION,

                    Plaintiff,

v.

W. KENT GANSKE and JULIE L.
GANSKE,

                    Defendants.

Case No. 3:18-cv-16-slc

**MOTION TO QUASH WITNESS
SUBPOENAS AND INCORPORATED
MEMORANDUM OF LAW**

---

W. KENT GANSKE, individually and d/b/a AG
CONSULTANTS, and JULIE GANSKE,

        Counter-Plaintiffs and Third Party Plaintiffs,
and

WS AG CENTER, INC.,

                  Third Party Plaintiff,

v.

EUROCHEM TRADING USA CORPORATION,

           Plaintiff and Counter-Defendant,
and

EUROCHEM GROUP AG, SCOTT SIMON, IVAN
BOASHER, BEN-TREI FERTILIZER COMPANY,
LLC and BEN-TREI, LTD.,

                Third Party Defendants.

---

Plaintiff, EuroChem Trading USA Corporation ("ECTUS"), Third Party Defendant, Scott Simon, and non-party, Charles Bendana, pursuant to Rule 45(d)(3)(A)(ii) of the Federal Rules of Civil Procedure, request that the Court quash two witness subpoenas issued by Defendants and as grounds therefore state:

50461906;1

**Background**

1.     On October 11, 2019, for the first time, Defendants' attorney requested that Plaintiff's attorney stipulate to the admissibility of certain emails (the "Emails") sent and received by Charles Bendana, the Commercial Director of EuroChem Group, AG (the parent company of ECTUS) and Scott Simon, a former employee of ECTUS and defendant in Defendants/Third Party Plaintiff's Third Party Complaint at the October 21, 2019 bench trial.   The Emails were produced by ECTUS in response to Defendants' discovery requests.  Plaintiff's attorney had previously informed Defendants' attorney that ECTUS objected to the Emails on the basis of both relevance and foundation.  Plaintiff's attorney refused to stipulate to the admissibility of the Emails.

2.     As a result, also for the first time on October 11, 2019, Defendants' attorney advised Plaintiff's attorney that he wished to call Mr. Bendana and Mr. Simon at trial as witnesses at the October 21, 2019 bench trial, a mere ten days away.  A copy of Defendants' attorneys' letter is attached as Exhibit A.  Mr. Simon resides and does business in Oklahoma.  Mr. Bendana resides and does business in Zug, Switzerland.  Given the geographic location of these individuals and the fact that only ten days' notice had been given, Plaintiff's attorney refused to voluntarily produce Mr. Simon and Mr. Bendana at the bench trial.

3.     As a result, on October 11, 2019, Defendants' counsel served two Subpoenas to Appear and Testify at a Hearing or Trial in a Civil Action directed to Mr. Bendana (the "Bendana Subpoena") and to Mr. Simon (the "Simon Subpoena"), copies of which are attached as Exhibit B and Exhibit C respectively.  Both subpoenas were served by e-mail on undersigned counsel for ECTUS.  A copy of the email serving the Bendana Subpoena and Simon Subpoena is attached as Exhibit D.  Prior to serving these subpoenas by email on Plaintiff's counsel, Defendants' counsel did not ask if Mr. Bendana and Mr. Simon would agree to waive personal service of the subpoenas

2

and whether Plaintiff's counsel would be willing to accept service of the subpoenas for Mr. Bendana and Mr. Simon.

4.     After receiving the Bendana Subpoena and Simon Subpoena, Plaintiff's counsel wrote to Defendants' counsel informing him that he was not authorized to accept service on behalf of Mr. Bendana and Mr. Simon, and that both resided and worked more than 100 miles from the place of the bench trial.  A copy of this letter is attached as Exhibit E.

5.     Plaintiff was willing to provide both Mr. Bendana and Mr. Simon for deposition and Defendants had ample time to take their depositions prior to trial.  A copy of Plaintiff's counsel's July 8, 2019 email to Defendants' counsel regarding scheduling depositions of Mr. Bendana and Mr. Simon is attached as Exhibit F.  A copy of Plaintiff's counsel's July 29, 2019 email providing dates for Mr. Simon's deposition and requesting proposed dates for Mr. Bendana's deposition is attached as Exhibit G.  In fact, Mr. Simon was scheduled for deposition on September 12, 2019.  *See* email from Defendants' counsel's paralegal attached as Exhibit H.  After the Court granted Defendants' Motion to Adjourn Trial and continued the jury trial to February, 2020, Defendants' counsel notified Plaintiff's counsel that he did not intend to take any depositions before the October 21, 2019 bench trial.  A copy of Defendants' counsel's email is attached as Exhibit I.

6.     Mr. Simon resides in Owasso, Oklahoma which is over 700 miles from the place of the October 21, 2019 bench trial.  *See* Affidavit of Scott Simon[1] In Support of Motion to Quash Subpoenas ("Simon Aff.") at ¶ 2.  Mr. Simon is employed in Tulsa, Oklahoma, which is also more than 700 miles from the place of trial.  *See* Simon Aff. at ¶ 3.  Mr. Simon does not regularly transact business in person within 100 miles of Wisconsin.  *See* Simon Aff. at ¶ 4.

---

[1] In an effort to expedite the filing of this Motion, this Motion was filed prior to obtaining Mr. Simon's signed Affidavit.  Mr. Simon's Affidavit will be filed within 24 hours of the filing of this Motion.

50461906;1

7.     Mr. Bendana resides and is employed in, Zug, Switzerland, which is 4,445 miles from the place of the October 21, 2019 bench trial.  *See* Affidavit of Richard Chlup In Support of Motion to Quash Subpoenas ("Chlup Aff.") at ¶ 2.   Mr. Bendana does not regularly transact business in person within 100 miles of Wisconsin.   *See* Chlup Aff. at ¶ 3.

## Memorandum of Law

**A.     The Witnesses Are Outside of the Geographic Limits of the Subpoenas**

Federal Rule of Civil Procedure 45(c) states:

> (1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
>
> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
>
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
>
>> (i) is a party or a party's officer; or
>>
>> (ii) is commanded to attend a trial and would not incur substantial expense

 Neitehr Mr. Bendana, nor Mr. Simon reside, are employed or regularly transact business within 100 miles of Madison, Wisconsin or within 100 miles of the state of Wisconsin.

Rule 45(d)(3)(A)(ii) states,

> (A) When Required. On timely motion, the court for the district where compliance is required **must** quash or modify a subpoena that:
>
>> * * *
>
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c).

(emphasis added).  Rule 45(d)(3)(A) is written in the mandatory and requires that the Court quash the Bendana Subpoena and Simon Subpoena because they require compliance beyond the

geographical limits of Rule 45(c).  "A court must quash or modify a subpoena that does not adhere to these geographical limits."  *Michael v. Ford Motor Co.*, 2019 WL 718732 (E.D. La. 2019).  As another court as explained,

> Rule 45 was amended in 2013. The Advisory Committee Notes to the 2013 Amendments provide significant guidance on its application. The Notes explain, "Rule 45(c)(1)(A) does not authorize a subpoena for trial to require a party or party officer to travel more than 100 miles unless the party or party officer resides, is employed, or regularly transacts business in person in the state." Moreover, "Rule 45(d)(3)(A)(ii) directs the court to quash any subpoena that purports to compel compliance beyond the geographical limits specified in Rule 45(c)." Thus, "[b]ecause Rule 45(c) directs that compliance may be commanded only as it provides, these amendments resolve a split in interpreting Rule 45's provisions for subpoenaing parties and party officers." In other words, the "2013 Amendment to Federal Rule of Civil Procedure 45 resolved" the "competing authority that debates whether courts have authority to subpoena witnesses who reside more than 100 miles from the place of trial," including parties and party officers.

*Fradella v. Coco-Cola Co.*, 2018 WL 3455707, *2 (E.D. La. 2018).  *See also Mustafa Dogan Diary Consulting, LLC v. La Colombe Torrefaction, Inc.*, 2018 WL 9801022 (W.D. Mich. 2018) (explaining that the 2013 amendments to Rule 45 resolved a split of authority regarding whether a party and party officer may be compelled to attend a trial outside of the 100 mile geographic limit). Thus, it is clear that even though Mr. Simon is a party and Mr. Bendana is a party officer, they cannot be compelled to attend a trial more than 100 miles from their residence, place of business, or where they regularly transact business in person.  As a result, the Bendana Subpoena and Simon Subpoena must be quashed.

### B.     The Subpoenas Were Not Properly Served

Subpoenas must be personally served on the person to whom the subpoena is directed and service on an attorney is not sufficient.  *See Ellis v. Louisiana ex rel. Governor's Office of Homeland Security*, 2013 WL 6272294 (E.D. La. 2013) (quashing witness subpoenas served on

attorney instead of witness). "Even a party to a civil case who is represented by counsel must be served personally with a subpoena.  Service on a party's lawyer is not sufficient." *U.S. v. Brennerman*, 2017 WL 4513563 (S.D.N.Y. 2017).  *See also Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968) (service of subpoena on lawyer for party insufficient); *Cadlerook Joint Venture, L.P. v. Adon Fruits & Vegetables, Inc.*, 2010 WL 2346283, at *3 (E.D.N.Y. 2010) ("service ... on plaintiff's counsel, as opposed to personal service on plaintiff, ... improper"); *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, 262 F.R.D. 293, 304 (S.D.N.Y. 2009) ("Unlike service of most litigation papers, service on an individual's lawyer will not suffice."). The Bendana Subpoena and Simon Subpoena must be quashed because they do not meet the requirement in Rule 45 of personal service of the subpoena.

### C.     The Court's Procedures Were Not Followed

One of the attachments to the Court's April 2, 2018 Preliminary Pretrial Conference Order is the "Procedures For Calling Witnesses to Trial In Cases Assigned to Magistrate Judge Crocker" (the "Procedures") which sets forth the Court's requirements for calling witnesses who will not testify voluntarily to trial.  The Procedures require that for witnesses who are not incarcerated and who refuse to testify voluntarily, the party must file and serve a request for a subpoena form "no later than four weeks before trial."  *See* Procedures at Section IV (emphasis in original).  The request must accompanied by an affidavit under penalty of perjury attesting that the witness refuses to testify voluntarily, the party has made arrangements for personal service of the subpoena, and the party is prepared to tender to the person serving the subpoena a check payable to the witness necessary to cover the daily witness fee[2] and the witness's mileage, as well as costs for room and

---

[2] The Bendana Subpoena and Simon Subpoena were not accompanied by the witness and mileage fees required by Rule 45(b)(1).

meals if an overnight stay is required. *Id*. These procedures must be followed regardless of whether the witness is a party to the case. *See* Procedures at Section I.

Defendants did not comply with any of the requirements of the Court's Procedures. The Defendants did not apply to the Court for a subpoena form. The Defendants did not make the request more than four weeks before trial. The Defendants did not submit an affidavit under penalty of perjury attesting that the witness refused to testify voluntarily, they had arranged for personal service of the subpoenas, and they were prepared to tender to the witnesses payment for the witness and mileage fees, as well as the costs of an overnight stay.

The Bendana Subpoena and Simon Subpoena must be quashed because they do not comply with the Court's procedures.

## Conclusion

For all of the reasons set forth above, Plaintiff, EuroChem Trading USA Corporation, Scott Simon and Charlie Bendana request that the Court quash the Bendana Subpoena and Simon Subpoena.

Dated: October 14, 2019          Respectfully submitted,

AKERMAN LLP

*/s/ Andrew Gold*
Andrew P. Gold
Florida Bar No. 612367 (admitted *pro hac vice*)
andrew.gold@akerman.com
350 East Las Olas Boulevard
Suite 1600
Fort Lauderdale, Florida  33301
Telephone:  (954) 463-2700
Facsimile:  (954) 463-2224

      and

Steven R. Wirth, Esq.
Florida Bar No. 170380 (admitted *pro hac vice*)
Email:  steven.wirth@akerman.com
Raye C. Elliot, Esq.

7

Florida Bar No. 018732 (admitted pro hac vice)
Email:  raye.elliott@akerman.com
401 E. Jackson Street, Suite 1700
Tampa, FL  33602-5250
Phone:  (813) 223-7333

*Attorneys for Plaintiff EuroChem Trading USA*
*Corporation and Scott Simon*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on this 14th day of October, 2019, using the Court's CM/ECF system which will cause a copy to be served on ALL counsel of record.

*/s/ Andrew Gold*

8